IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY WALKER, # R-68122, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-429-JPG |
| | ) |
| RICHARD HARRINGTON, ASSISTANT | ) |
| WARDEN OF OPERATIONS, C/O JOHN | ) |
| DOE (BADGE #9387), and JOHN DOE | ) |
| DEFENDANTS. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff Walker's amended complaint[1] (Doc. 10), which he filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is currently incarcerated at Stateville Correctional Center ("Stateville"), alleges that Defendants failed to protect him from being physically attacked by other inmates while he was incarcerated at Menard Correctional Center ("Menard"). (Doc. 10, p. 7). Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (Doc. 10, pp. 7, 9).

The amended complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

---

[1] This Court struck Plaintiff's original complaint (Doc. 1) in a text Order dated April 18, 2014. (Doc. 9). Plaintiff had failed to sign his original complaint. Plaintiff filed a signed, amended complaint on April 21, 2014. (Doc. 10).

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

**The Complaint**

On September 21, 2012, Plaintiff informed a correctional officer that his cellmate possessed two homemade weapons. (Doc. 1, p. 4).  As a result, Plaintiff and his cellmate were placed in disciplinary segregation.  Other inmates suspected Plaintiff was responsible for reporting the contraband. *Id*.  When Plaintiff was mistakenly released from disciplinary segregation on October 4, 2012, members of his former cellmate's gang began to call Plaintiff a "snitch." *Id*.  Plaintiff was placed back into disciplinary segregation until April 2013 when he was placed in a special unit for alleged staff-assaulters and weapons violators.

On May 27, 2013, Plaintiff learned from another inmate that members of his former cellmate's gang were going to "hit" him for being a snitch. *Id*. at 5.  Plaintiff alleges that around 2:30 p.m. that day he informed Defendant John Doe (Badge #9387) that "his life was in danger." *Id*.  According to Plaintiff, Defendant John Doe (Badge #9387) laughed and said, "A big guy like you shouldn't have anything to worry about! Plus shift is about to change.  Holla at 3 to 11 . . . Who you getting ready to tell on now?  I'm going home!!" *Id*.

Plaintiff maintains that he attempted to inform numerous (unnamed) staff members that his life had been threated, but that he was told, "Go to chow or lock up!" *Id*.  At approximately 3:30 p.m., while eating in the East Dining Room, Plaintiff was attacked by four inmates, who beat and stabbed him 13 times with an 8 inch homemade weapon. *Id*.

Plaintiff spent two days at Carbondale Memorial Hospital where he was treated for a partially collapsed lung and multiple puncture wounds to the neck, back, side and arms.  Upon being transferred back to Menard, Plaintiff was placed in administrative detention. *Id*. at 6.  On

June 10, 2013, Plaintiff filed a grievance requesting an emergency transfer, removal from administrative detention, and money damages. (Doc. 10-1, p. 8). On July 24, 2013, Plaintiff was transferred to Stateville. (Doc. 10, p. 6). Plaintiff is suing Richard Harrington (warden), Assistant Warden of Operations, John Doe (Badge #9387), and other unnamed correctional officers in both their official and individual capacities.

### Analysis

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, defendants had to know that there was a substantial risk that those who attacked plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).

Accepting Plaintiff's allegations as true, the Court finds that the complaint sets forth a claim for failure to protect under the Eighth Amendment against Defendant John Doe (Badge #9387), and other John Doe Defendants who were on duty May 21, 2012 and may have been informed by Plaintiff of the threats made against his life. While Plaintiff has not provided the

names of these defendants, the Seventh Circuit has held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

However, Plaintiff has failed to allege facts sufficient to support his claim against Richard Harrington or the Assistant Warden of Operations. Plaintiff asserts that Harrington and the Assistant Warden of Operations should be liable under the doctrine of supervisory liability. However, the doctrine of respondeat superior does not apply to § 1983 actions; in order to hold a defendant liable, a plaintiff must allege that the defendant was personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff does not allege that either Defendant Harrington or the Assistant Warden of Operations knew about the threat made against Plaintiff prior to the attack on May 21, 2012. Absent direct, personal involvement in the alleged violation, a defendant in a supervisory capacity may still be found liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). But again, Plaintiff makes no such allegations beyond the vague assertion that Menard is a violent place and Defendant Harrington and the Assistant Warden of Operations were responsible for the care and custody of all inmates. This does not suffice. As such, Plaintiff may not proceed on his claims against Richard Harrington or the Assistant Warden of Operations.

Lastly, Plaintiff is not entitled to declaratory or injunctive relief. Under § 1983, "declaratory or injunctive relief is only proper if there is a continuing violation of federal law. 'When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers.'" *Kress v. CCA of Tennessee, LLC*, 694 F.3d 890, 894 (7th Cir. 2012) (quoting *Al–Alamin v. Gramley,* 926 F.2d 680, 685 (7th Cir.1991)) (internal citations omitted). Plaintiff's request for transfer to a new institution was approved and he was transferred to Stateville in July 2013; Plaintiff makes no allegation that he continues to be threatened by inmates, nor does he claim that officials intend to return him to Menard. Therefore, Plaintiff's claim for injunctive relief is moot.

In summary, Plaintiff shall be allowed to proceed with his Eighth Amendment failure to protect claim against Defendant John Doe (Badge #9387) and other John Doe Defendants who were on duty May 21, 2012 and may have been informed by Plaintiff of the threats made against his life. The Court will direct the Clerk of Court to add the current Warden of Menard as a party for the sole purpose of assisting with the identification of the John Doe Defendants. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d);[2] s*ee also Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) ("Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty

---

[2] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

during the incident in question; or by some other means."). Lastly, the claims against Defendant Harrington and the Assistant Warden of Operations shall be dismissed without prejudice.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) remains **PENDING**. Plaintiff is advised that pursuant to the Court's Order dated April 17, 2014 (Doc. 7), Plaintiff must provide the Clerk of Court with a certification completed by the Trust Fund Officer at his facility and a copy of his trust fund account statement (or institutional equivalent) for the period 10/1/2013 to 4/11/2014 no later than 6/2/2014. Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. *See* FED. R. CIV. P. 41(b).

Plaintiff's motion for appointment of counsel (Doc. 4) is **PENDING** and shall be addressed in a separate order referred to a United States Magistrate Judge for disposition.

The motion for service at government expense (Doc. 5) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered on the Warden of Menard for the sole purpose of assisting with the identification of the John Doe Defendants. Service cannot be ordered on the John Doe Defendants until Plaintiff identifies them by name in an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendant **JOHN DOE (BADGE # 9387)** and other **JOHN DOE DEFENDANTS** shall proceed.

Defendants **RICHARD HARRINGTON** and the **ASSISTANT WARDEN OF OPERATIONS** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims for declaratory and injunctive relief are **DISMISSED** as **MOOT.**

The Clerk of Court is **DIRECTED** to add **WARDEN OF MENARD** as a party for the sole purpose of assisting with the identification of the John Doe Defendants.

The Clerk of Court shall prepare for the **WARDEN OF MENARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the remaining Unknown (John Doe) Defendants until such time as Plaintiff has identified these Unknown Defendants by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2014**

<u>s/J. Phil Gilbert</u>
United States District Judge
