IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY WALKER, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | Case No. 3:14-CV-429-NJR-DGW |
| KYLE EDWARDS, RICHARD RANSON, CLAYTON YOUNG, CHRISTOPHER FLEMING, UNKNOWN EMPLOYEES OF MENARD CORRECTIONAL CENTER, JEFF HUTCHINSON, RICK HARRINGTON, and MIKE ATCHISON, | ) | |
|         Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Partial Motion to Dismiss filed by Defendants Michael Atchison, Kyle Edwards, Christopher Fleming, Jeffrey Hutchinson, Richard Ranson, and Clayton Young (Doc. 98). For the reasons set forth below, the Motion is denied.

### INTRODUCTION

Plaintiff Henry Walker ("Walker"), an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging that officials at Menard Correctional Center ("Menard CC") failed to protect him from being physically attacked by other inmates.

On July 28, 2016, Attorney Vincenzo Field was assigned to represent Walker in

this matter (Doc. 75). Counsel for Walker sought leave to file a second amended complaint on October 7, 2016 (Doc. 83). After noting that no objection was filed in response to the request for leave, the Court granted Walker's motion, and his Second Amended Complaint was filed on November 30, 2016 (Doc. 88).

On January 3, 2017, Defendants Atchison, Edwards, Fleming, Hutchinson, Ranson, and Young filed the Partial Motion to Dismiss (Doc. 98) that is now before the Court[1]. In their motion, Defendants move to dismiss Count VI (Section 1983 conspiracy claim) and Count X (claim for indemnification pursuant to Illinois law) of Walker's Second Amended Complaint asserting he fails to state a claim as to both counts. Walker filed a timely response to Defendants' motion arguing that the allegations in his Second Amended Complaint are sufficient to state a § 1983 conspiracy claim. Walker also indicates that he did not intend to bring a claim for indemnification; rather, his Second Amended Complaint only indicates that Defendant Officers are indemnified by the State under the State Employee Indemnification Act, 5 ILCS 350, *et seq.* Accordingly, Walker asserts there is simply no claim for indemnification for the Court to dismiss.

## LEGAL STANDARD

In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her

---

[1] The Court notes that Defendants' motion was filed beyond the allowable timeframe. Pursuant to Federal Rule of Civil Procedure 15, responses to an amended pleading must be made within fourteen days after service of the amended pleading. Because Walker does not object to the timeliness of Defendants' motion, however, the Court will not deny Defendants' motion on this basis.

complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

### A. Count VI

With regard to Count VI, Walker's §1983 conspiracy claim, the Seventh Circuit has remarked that "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). While both Walker and Defendants agree that this is the relevant pleading standard, the parties have vastly different opinions regarding whether Walker's allegations are sufficient to meet it. After reviewing the entirety of the allegations in his Second Amended Complaint, the Court finds Walker sufficiently pled his conspiracy claim. First, Walker's complaint indicates that the claim is directed at the correctional officer defendants. Second, the general purpose of the conspiracy is set forth as an attempt to deprive Walker of his constitutional rights and protect one another from liability (and the narrative portion of Walker's complaint sets forth particular allegations regarding each correctional officer defendant that lends support for an inference of a conspiracy).

Finally, the approximate date of the agreement has been identified as around May 2013. While these allegations may not provide much in the way of specifics, coupled with the narrative in Walker's Second Amended Complaint, the Court finds them to be sufficient to adequately state a claim for conspiracy. Accordingly, Defendants' motion to dismiss this claim is denied.

### B. Count X

Based on Walker's assertion that Count X was not intended to be a separate claim for indemnification, but rather a statement that Defendant Officers are indemnified by the State under the State Employee Indemnification Act (a point on which Defendants agree), Defendants' motion to dismiss this claim is denied.

## CONCLUSION

For the reasons set forth above, the Partial Motion to Dismiss filed by Defendants Atchison, Edwards, Fleming, Hutchinson, Ranson, and Young (Doc. 98) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 1, 2017

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**
