IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY WALKER, #R-68122, | ) |
| Plaintiff, | ) ) ) |
| -vs- | )   No. 14-429-DGW |
| RICHARD HARRINGTON, et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

NOW COME Defendants, MICHAEL ATCHISON, KYLE EDWARDS, CHRISTOPHER FLEMING, RICHARD HARRINGTON, JEFFREY HUTCHINSON, RICHARD RANSON, and CLAYTON YOUNG, by and through their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 6(b), move to amend the scheduling order, stating as follows:

1. On December 18, 2017, the Court issued an amended Scheduling Order setting the Discovery deadline for March 30, 2018, and setting a jury trial date for August 20, 2018. [d/e 145].

2. On January 4, 2018, the Court issued an order setting the Dispositive Motions deadline for April 27, 2018. [d/e 147].

3. On March 30, 2018, Plaintiff filed a Motion for Extension of Time asking for an additional 21 days to complete discovery. [d/e 148].

4. On April 2, 2018, the Court granted Plaintiff's Motion for Extension of Time and set the Discovery deadline for April 20, 2018. [d/e 149]. Based on the current jury trial setting of August 20, 2018, the Parties understand that no further extensions may be granted. *See* SDIL-LR

(noting that the dispositive motion deadline in a case may be no later than 100 days before first day of presumptive trial month).

5.      Here, for the reasons stated below, exceptional circumstances exist to warrant a modification of the discovery and dispositive motions deadlines, to allow the Parties time to finish discovery and file dispositive motions.

6.      As noted in prior motions, the Parties have been working diligently and amicably to resolve a number of discovery-related issues. To date, the Parties have been able to resolve these discovery issues without the Court's involvement and the Parties have nearly finalized all discovery.

7.      As noted in the Plaintiff's Motion [d/e 148], on March 28, 2018, Plaintiff provided undersigned with a letter outlining discovery related disputes. This letter described six separate categories of documents that Plaintiff believed were relevant to the case at hand. Most of the documents were responsive to previous discovery requests that Defendants had objected to.

8.      Once undersigned received this letter, he began the process of attempting to resolve all remaining discovery related issues. This is a complicated process that requires undersigned to communicate with IDOC's own counsel and other IDOC personnel, who, in turn, must communicate with individuals in IDOC's records department.

9.      After speaking with IDOC, undersigned and counsel for Plaintiff discussed the requested documents during a phone call on April 17, 2018. During this call, after lengthy discussion, a compromise was reached concerning the vast majority of the documents requested. It is undersigned's belief that only two potential issues remain both related to inmate grievances. However, undersigned has been in communication with IDOC, the Administrative Review Board,

and counsel for Plaintiff regarding these issues and is hopeful that they can be resolved without the Court's involvement.

10. To be clear, through fair minded communication and compromise, to date the Parties have come to various agreements on literally thousands of pages of documents without having to involve the Court. The parties have reached an agreement regarding requests for Plaintiff's Master File, the Internal Investigations Reports and Interviews related to the incidents in Plaintiff's complaint, Defendants' Personnel files, dozens of policy documents, and other documents at Menard. Many of these documents have contained sensitive information, requiring the Parties not only to come to an agreement on what documents should be produced, but on what information should or should not be redacted. The Parties have approached this exercise in good faith and in an attempt to understand the concerns of each side in this matter.

11. As such, undersigned requires additional time to receive documents, to make necessary redactions, to file any necessary protective orders, and to finalize discovery on the remaining issues related to inmate grievances.

12. Due to undersigned's existing schedule and the time spent working with counsel for Plaintiff on these last remaining discovery issues, the Parties have not been able to spend sufficient time organizing strategies to complete their dispositive motions in this case.

13. Additionally, the Parties continue to work together to limit the claims in this case as counsel for Defendants and counsel for Plaintiff have conferred about dismissing all claims against at least one of the defendants.

14. Permitting a modification of the deadlines in this case would serve the interest of judicial economy and the interest of justice in permitting the parties to submit dispositive motions to limit or eliminate the claims in this case. The modification will also allow for the fair disclosure

of relevant information and for the disclosure of sensitive information after a protective order has been entered.

15. Undersigned has spoken with counsel for the Plaintiff and he has no objections to this Motion to Modify the Scheduling Order.

16. Defendants respectfully request this Honorable Court extend the discovery deadline by thirty days. Defendants also respectfully request this Honorable Court extend the dispositive motions deadline to thirty days after the discovery deadline.

17. This modification is sought in good faith and not for the purpose of undue delay.

WHEREFORE, for the above and foregoing reasons, the Defendants respectfully request this Honorable Court grant their motion and extend the discovery deadline by thirty days, and the dispositive motions deadline to thirty days after the discovery deadline.

Respectfully submitted,

MICHAEL ATCHISON, KYLE EDWARDS, CHRISTOPHER FLEMING, RICHARD HARRINGTON, JEFFREY HUTCHINSON, RICHARD RANSON, and CLAYTON YOUNG,

Defendants.

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

By: s/ R. Levi Carwile
R. Levi Carwile, #6317375
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, IL  62701
(618) 236-8782 Phone
(618) 236-8747 Fax
rcarwile@atg.state.il.us

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY WALKER, #R-68122, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 14-429-NJR |
| ) | |
| RICHARD HARRINGTON, et al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, I electronically filed <u>Defendants' Motion to Amend Scheduling Order</u> with the Clerk of Court using the CM/ECF system, which will send electronic notice of same to the following:

    Vince Field                  vince@loevy.com
    Frank Newell               frank@loevy.com
    Tara Elizabeth Thompson    tara@loevy.com
    Joshua L. Loevy           joshl@loevy.com

                                    Respectfully submitted,

                                    /s/R. Levi Carwile
                                    R. Levi Carwile #6317375
                                    Assistant Attorney General
                                    500 South Second Street
                                    Springfield, Illinois  62701
                                    (618) 236-8782 Phone
                                    (618) 236-8747 Fax
                                    E-Mail:  rcarwile@atg.state.il.us